IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NETA THOMPSON as the Personal Representative of
THE ESTATE OF MARK A. MORTENSEN,**

     **Plaintiff,**

v.                                          Case No. 2:20-CV-00876 - KRS-GBW

**MARCO ORDONIO, and
AT&T SERVICES, INC.,**

     **Defendants.**

### DEFENDANTS MARCO ORDONIO AND AT&T SERVICES, INC.'S
### AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY

Marco Ordonio ("Ordonio") and AT&T Services, Inc. ("AT&T") (collectively "Defendants"), by and through their counsel, Chapman and Priest, P.C. (Donna L. Chapman and Nicholas J. Rimmer), hereby submit their Amended Answer to Plaintiff Neta Thompson's ("Plaintiff") Complaint for Personal Injury, as follows.

### PARTIES AND JURISDICTION

1. Ordonio and AT&T are without information sufficient to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

2. Ordonio and AT&T are without information sufficient to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

3. Ordonio and AT&T are without information sufficient to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

4. Ordonio and AT&T admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. AT&T admits only that it is a foreign corporation doing business in the state of New Mexico, denies the remaining allegations and demands strict proof thereof.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint state a legal conclusion to which no response is required. Further, Ordonio and AT&T state that New Mexico law with respect to *respondeat superior* speaks for itself. Ordonio and AT&T specifically deny any allegation or inference contained in this paragraph that is inconsistent with this response and demand strict proof thereof.

7. Ordonio and AT&T admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Ordonio and AT&T admit only the federal court has jurisdiction over the parties, but deny the allegations contained in Paragraph 8 of Plaintiff's Complaint as written.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. In response to Paragraph 9 of Plaintiff's Complaint, Ordonio and AT&T incorporate by reference all answers to Paragraphs 1 through 8, as if fully set forth herein.

10. Ordonio and AT&T are without information sufficient to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

11. Ordonio and AT&T only admit that Ordonio was traveling westbound on Central Ave approaching Sacramento Rd. in Tularosa, New Mexico. All other allegations are denied.

12. Ordonio and AT&T deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13. Ordonio and AT&T deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14. Ordonio and AT&T deny the allegations contained in Paragraph 14 of Plaintiff's Complaint demand strict proof thereof.

## COUNT I – NEGLIGENCE (DEFENDANT ORDONIO)

15. In response to Paragraph 15 of Plaintiff's Complaint, Ordonio and AT&T incorporate by reference their answers to Paragraphs 1 through 14, as if fully set forth herein.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Ordonio and AT&T state that New Mexico law with respect to negligence speaks for itself. Ordonio and AT&T specifically deny any allegation or inference contained in this paragraph that is inconsistent with this response and demand strict proof thereof.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Ordonio and AT&T  state that New Mexico law with respect to negligence speaks for itself. Ordonio and AT&T specifically deny any allegation or inference contained in this paragraph that is inconsistent with this response and demand strict proof thereof.

18. Ordonio and AT&T deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19. Ordonio and AT&T deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20. Ordonio and AT&T deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

## COUNT II – NEGLIGENCE PER SE (DEFENDANT ORDONIO)

21. In response to Paragraph 21 of Plaintiff's Complaint, Ordonio and AT&T incorporate by reference their answers to Paragraphs 1 through 20, as if fully set forth herein.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent the allegations can be construed against Ordonio and AT&T, they are denied, and strict proof is demanded thereof.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent the allegations can be construed against Ordonio and AT&T, they are denied, and strict proof is demanded thereof.

24. Ordonio and AT&T deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

25. Ordonio and AT&T deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26. Ordonio and AT&T deny they were negligent and demand strict proof thereof. In regard to the remaining allegations in Paragraph 26 of Plaintiff's Complaint,

they state a legal conclusion to which no response is required.  Further, the statutes speak for themselves.

27. Ordonio and AT&T deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

### COUNT III – NEGLIGENCE (DEFENDANT AT&T SERVICES, INC.)

28. In response to Paragraph 28 of Plaintiff's Complaint, Ordonio and AT&T incorporate by reference all answers to Paragraphs 1 through 27, as if fully set forth herein.

29. Ordonio and AT&T admit the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Ordonio and AT&T deny the allegations contained in Paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31. The allegations contained in Paragraph 31 of Plaintiff's Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Ordonio and AT&T state that New Mexico law with respect to *respondeat superior* speaks for itself. Ordonio and AT&T specifically deny any allegation or inference contained in this paragraph that is inconsistent with this response and demands strict proof thereof.

32. Ordonio and AT&T deny the allegations contained in Paragraph 32 of Plaintiff's Complaint and demand strict proof thereof.

### DAMAGES

33. In response to the allegations contained in Paragraph 33 of Plaintiff's Complaint, Ordonio and AT&T incorporate by reference its answers to Paragraphs 1 through 32 , as if fully set forth herein.

34.   Ordonio and AT&T deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and demand strict proof thereof.  Furthermore, Ordonio and AT&T request the relief sought in the WHEREFORE paragraph be denied.

35.   Ordonio and AT&T deny any allegations in this pleading not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. First Affirmative Defense.  Ordonio and AT&T state that some or all the claims contained in Plaintiff's Complaint fail to state claims upon which relief can be granted.

2.  Second Affirmative Defense. Ordonio and AT&T state that they did not breach any duties to the Plaintiff herein, and that Plaintiff has suffered no damage, injury or otherwise, as a result of any of the alleged acts or omissions of Ordonio and AT&T.

3.   Third Affirmative Defense. Ordonio and AT&T state that Plaintiff's alleged injuries were proximately caused by the comparative negligence or fault of other individuals, entities or parties other than Ordonio and AT&T, for which Ordonio and AT&T may not be held liable.

4.   Fourth Affirmative Defense. Ordonio and AT&T state the Plaintiff's alleged damages, which are specifically denied, were the proximate result of an independent and intervening cause, thereby barring recovery herein by Plaintiff against Ordonio and AT&T.

5.  Fifth Affirmative Defense. Ordonio and AT&T state that Plaintiff may have failed to mitigate those damages requested in the Complaint, thereby barring, or reducing recovery herein.

6.   Sixth Affirmative Defense. Ordonio and AT&T state that Plaintiff may have unclean hands.

7. Seventh Affirmative Defense. Ordonio and AT&T assert the doctrines of waiver and laches.

8. Eighth Affirmative Defense. Ordonio and AT&T assert that the statute of limitations expired before Ordonio and AT&T were served with Plaintiff's Complaint.

9. Ninth Affirmative Defense. Ordonio and AT&T state that if they were negligent or at fault, which is specifically denied, then other individuals, whether or not named or identified in this lawsuit, were also negligent or at fault, and said negligence or fault amounts to comparative fault which should be used to eliminate, decrease or offset in whole or in part any recovery by the Plaintiff against Ordonio and AT&T.

10. Tenth Affirmative Defense.  Ordonio and AT&T assert that based on the ambiguous and conclusory nature of the allegations in the Complaint, they cannot fully determine or anticipate all applicable affirmative defenses in this matter, and therefore reserve the right to assert additional affirmative defenses in this matter, as appropriate.

## JURY DEMAND

Ordonio and AT&T Services, Inc. demand a jury for all issues triable to a jury.

Ordonio and AT&T, having fully answered Plaintiff's Complaint for Personal Injury, respectfully request the Complaint be dismissed with prejudice, the relief requested by Plaintiff be denied, that judgment be entered in their favor and that, the Court award

Ordonio and AT&T costs and fees and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**CHAPMAN AND PRIEST, P.C.**

*/s/ Donna L. Chapman*
Donna L. Chapman
Nicholas J. Rimmer
P.O. Box 92438
Albuquerque, New Mexico 87199
Tel: (505) 242-6000
donna@cplawnm.com
nicholasrimmer@aplawnm.com
*Attorneys for Defendants Marco Ordonio and AT&T Services, Inc.*

I HEREBY CERTIFY that on the 31st day of August, 2020, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael G. Duran
Samantha L. Drum
Keller & Keller, LLC
505 Marquette Ave., N.W., Suite 1300
Albuquerque, New Mexico 87102
Tel: (505) 938-2300
michaeld@2keller.com
sdrum@2keller.com
*Attorneys for Plaintiff*


*/s/ Donna L. Chapman*
Donna L. Chapman